IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

KIMBERLY M. WYNN,

Plaintiff,

v.

Action No. 3:09-CV-136

WACHOVIA BANK NATIONAL ASSOC. and
WELLS FARGO BANK NATIONAL ASSOC.,

Defendants.

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff's Motion for New Trial and Judgment as a Matter of Law (Docket No. 67). For the reasons that follow, the Court DENIES the Motion.

## I. BACKGROUND

Plaintiff, Kimberly M. Wynn, is a former employee of Defendant, Wachovia Bank. In February 2008, Wachovia terminated Wynn for "job abandonment." Wynn subsequently brought a claim for defamation against Wachovia related to alleged statements made by Wachovia employees regarding Wynn's termination. Wachovia filed a counterclaim seeking to recover money Wynn had allegedly unlawfully obtained from Wachovia.

After a three-day jury trial held on October 20-22, 2009, the jury returned a verdict against Wynn on her defamation claim and for Wachovia on its counterclaim for unjust enrichment.

Wynn now seeks a new trial on her defamation claim on the basis that Instruction No. 10 was confusing and misleading. And although Wynn did not move for judgment as a

1

matter of law prior to the case going to the jury, Wynn now also seeks judgment as a matter of law on Wachovia's unjust enrichment claim.

## II. DISCUSSION

### A. Motion for a New Trial on the Defamation Claim

Under Rule 59 of the Federal Rules of Civil Procedure, a district court may set aside the jury's verdict and grant a new trial only if "(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Lovell v. BBNT Solutions, LLC, 295 F. Supp. 2d 611, 617-18 (E.D. Va. 2003) (citing Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996)). On a motion for a new trial addressing allegedly erroneous jury instructions, a new trial may be granted if the Court's charge was inaccurate on the law or confusing or misleading to the jury. Spell v. McDaniel, 824 F.2d 1380, 1395 (4th Cir. 1987). A set of legally accurate instructions that does not effectively direct a verdict for one side or the other is generally adequate. Hardin v. Ski Venture, Inc., 50 F.3d 1291, 1294 (4th Cir. 1995). On appeal, jury instructions are viewed as a whole, Thornhill v. Donnkenny, Inc., 823 F.2d 782, 787 (4th Cir. 1987), and there will be no reversal unless the error seriously prejudiced the plaintiff's case. Wellington v. Daniels, 717 F.2d 932, 938 (4th Cir. 1983).

On the defamation claim, the Court's Jury Instruction No. 10 stated in relevant part: "It is not necessary that the publication be absolutely true; substantial truth is all that is required. It is Plaintiff's burden to prove that the publication was false."

Wynn asserts that this Instruction is confusing and misleading because it "conveys

2

the distinct erroneous message that Plaintiff must prove the publication was 100% false, and that the Defendant would be exonerated if the publication were partially true, but not 100% true." (Wynn Mem. in Supp. Mot. for New Trial 2.) Wynn apparently reasons that the Instruction permitted Wachovia to prevail by merely presenting enough evidence to convince the jury that the statement was only partially true, whereas Wynn could have prevailed under this Instruction only if she demonstrated the statement was entirely false.

Wynn's argument misses the mark because the Instruction accurately states Virginia law. The Supreme Court of Virginia has held that in trying to prove falsity "slight inaccuracies of expression are immaterial provided the defamatory charge is true in substance, and it is sufficient to show that the imputation is substantially true." Jordan v. Kollman, 612 S.E.2d 203, 207 (Va. 2005) (internal quotations omitted). Virginia's highest court has also required that a defamation plaintiff carry the burden of proving falsity. Id. Whether a plaintiff has sufficiently proven the falsity of the alleged defamatory statements is a jury question. Id. Here, Instruction No. 10 properly reflected that state of the law. Boiled down to its basics, Wynn's main contention is that it should not have had to carry more of a burden to prove its case than Wachovia should have had to carry to defend itself. Although many a plaintiff may also wish this inequality was contrary to established law, the reality is that the party with the burden of proof must often expend more energy and marshal more evidence to win than the opposing party will require in defense. Like it or not, Instruction No. 10 precisely represents Virginia's approach to the amount of evidence needed to prevail on a defamation claim and which party must carry that burden. Thus, the Motion for a New Trial as to Instruction No. 10 is DENIED.

### B. Wachovia's Unjust Enrichment Claim

Federal Rule of Civil Procedure 50(b) allows parties to renew a motion for judgment after trial, or in the alternative to seek a motion for a new trial. The moving party must first make a motion for judgment as a matter of law prior to the case being submitted to the jury. See Fed. R. Civ. P. 50(a)-(b). The Court must enter judgment as a matter of law if "a reasonable jury could reach only one conclusion based on the evidence or if the verdict in favor of the nonmoving party would necessarily be based upon speculation and conjecture . . . ." Myrick v. Prime Ins. Syndicate, Inc., 395 F.3d 485, 489 (4th Cir. 2005) (citing Crinkley v. Holiday Inns, Inc., 844 F.2d 156, 160 (4th Cir. 1988)). If, however, the evidence is susceptible to more than one "reasonable inference, a jury issue is created and a motion for judgment as a matter of law should be denied." See Myrick, 395 F.3d at 490 (citing Hofherr v. Dart Indus. Inc., 853 F.2d 259, 261-62 (4th Cir. 1988)). The jury verdict must stand "[i]f there is evidence on which a reasonable jury could return a verdict in favor of the non-moving party." Lovell v. BBNT Solutions, LLC, 295 F. Supp. 2d 611, 617-18 (E.D. Va. 2003). In making this determination, the Court must review the evidence in the light most favorable to the nonmoving party. See Myrick, 395 F.3d at 490. The district court may not substitute its judgment for that of the jury or make credibility determinations. Price v. City of Charlotte, N.C., 93 F.3d 1241, 1249-50 (4th Cir. 1996). While the district court is compelled to accord the utmost respect to jury verdicts and tread gingerly in reviewing them, the court will not rubber stamp the conclusions of the jury, but rather must reverse a jury verdict if the evidence cannot support it. Id.

Here, Wynn failed to move for judgment as a matter of law prior to the case being

submitted to the jury. Failing to do this is "not a mere technicality," but rather is a prerequisite that must be followed in order for this Court to consider Wynn's current Motion. See Miller v. Premier Corp., 608 F.2d 973, 979-80 n.3 (4th Cir. 1979). As a result, the Court DENIES the Motion for Judgment as a Matter of Law.

In the alternative, Wynn seeks a new trial on Wachovia's counterclaim, arguing that permitting the jury verdict to stand would be a miscarriage of justice. (Wynn Mem. in Supp. Mot. for New Trial 5.) According to Wynn, allowing Wachovia to recover here is inequitable because Wachovia did not attempt to recover its money until Wynn had sued it. Regardless of why Wachovia waited to sue Wynn, the evidence adduced at trial was that Wynn obtained $3,278 from Wachovia to which she was not entitled and that Wachovia had yet to recover this money. The jury was properly instructed on the law of unjust enrichment and came to a conclusion that was supported by the evidence presented at trial. It may not have been the justice Wynn sought, but a miscarriage of justice it was not. Therefore, the Court also DENIES the Motion for a New Trial as to Wachovia's counterclaim.

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Wynn's Motion in its entirety. An appropriate Order shall issue.

Let the Clerk send a copy of this Memorandum to all counsel of record.

/s/
James R. Spencer
Chief United States District Judge

ENTERED this 24th day of December 2009

5